1
2
3
4
5

Denisse O. Gastélum, Esq. (SBN 282771)
**GASTÉLUM LAW**
**A PROFESSIONAL CORPORATION**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112
dgastelum@gastelumfirm.com

Christian Contreras, Esq. (SBN 330269)
**THE LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000;
Fax: (323) 597-0101
CC@Contreras-Law.com

6
7

Attorneys for Plaintiffs,
ESTATE OF ROSENDO OLIVIO, *et al.*

8

### UNITED STATES DISTRICT COURT

9

### CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21

ESTATE OF ROSENDO OLIVIO;
R.O., by and Through her Guardian
Ad Litem, MARICELA GALINDO;
R.O. JR, A.G. and C.O., by and
Through their Guardian Ad Litem,
MARIA ALEJANDRA CEJA; and
MARIA RODRIGUEZ, individually,

               Plaintiffs,

    v.

CITY OF LOS ANGELES; a
municipal entity; OFFICER
FAVIOLA SALINAS (# 40061);
OFFICER KYLE LOCKE (# 37794);
and DOES 1-10, individuals,

               Defendants.

**CASE NO.: 2:23-cv-01516-FMO-E**
*[Assigned to the Hon. Fernando M. Olguin; Referred to Magistrate Judge Charles F. Eick]*

**PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION OF MARIA ALEJANDRA CEJA AND CHRISTIAN CONTRERAS IN SUPPORT THEREOF; [PROPOSED] ORDER**

Complaint:  December 28, 2022
Trial Date:  Vacated

22
23
24
25
26
27

///
///
///
///
///

28

1

1 | **COMES NOW PETITIONER MARIA ALEJANDRA CEJA** as guardian ad
2 | litem for A.G., a minor, and hereby submits the present petition to the Court for an
3 | order approving the settlement of the claim of Plaintiff A.G., a minor, and
4 | distribution of the settlement proceeds as delineated in the Petition for Compromise
5 | of the Claim of A.G., a minor.

6 | The petition will be based on this application and the attached declarations, the
7 | accompanying proposed order, the pleadings and papers on file herein and such other
8 | and further matters as the Court deems necessary or appropriate.

9 |

10 | Dated: November 20, 2024 **THE LAW OFFICES OF CHRISTIAN CONTRERAS**
11 | **A Professional Law Corporation**

12 |
13 | By: _Christian Contreras_
      Christian Contreras, Esq.
14 | Attorneys for Plaintiffs,
15 | ESTATE OF ROSENDO OLIVIO, *et al.*

16 |

17 | Dated: November 20, 2024 **GASTÉLUM LAW, APC**

18 |
19 | By: _Denisse O. Gastélum_
      Denisse O. Gastélum, Esq.
20 | Attorneys for Plaintiffs,
21 | ESTATE OF ROSENDO OLIVIO, *et al.*

22 |
23 |
24 |
25 |
26 |
27 |
28 |

**PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION OF MARIA ALEJANDRA CEJA AND CHRISTIAN CONTRERAS IN SUPPORT THEREOF; [PROPOSED] ORDER**

## **MEMORANDUM OF LAW**

Local Rule 17-1.2 of the Central District of California Local Rules provides that "no claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree".

Petitioner MARIA ALEJANDRA CEJA as Guardian Ad Litem for Plaintiff A.G., a minor, hereby submits the present petition and a proposed order for the approval of the settlement obtained in the matter on behalf of her daughter, A.G.

Plaintiff A.G. brought a lawsuit alleging that Los Angeles Police Department Officers Faviola Salinas and Kyle Locke wrongfully and unjustifiably shot and killed her father Rosendo Olivio on December 18, 2021. Plaintiff A.G. further alleged in her lawsuit that her civil rights were violated as a result of the shooting for interference with her familial relationship with her father.

As a result of the death of the minor's father, Plaintiff A.G. has suffered the loss of love, comfort, care, assistance, protection, affection, society, moral support and guidance for the remainder of her life. Her father's death has been difficult for the minor as she will forever be without her father. Through private mediation, the total settlement amount to be paid to all the plaintiffs is $875,000.00.

After extensive discovery, which included the depositions of the shooting officers Defendants Faviola Salinas and Kyle Locke, a designee of the City of Los Angeles pursuant to Federal Rules of Civil Procedure Rule 30(b)(6) regarding policy and procedure, Pathologist Abubakr Marzouk, M.D., the parties participated in a first mediation session with private mediator Richard Copeland on November 9, 2023, and then in a second mediation on April 19, 2024. With the assistance of Mr. Copeland, the parties arrived at a settlement of the entire case at the April mediation which provided for the resolution of the claims of the present minor, A.G., who is to receive a net settlement proceed amount of $116,749.73.

3

Moreover, Counsel for Defendants does not oppose this petition to compromise the claim on behalf of A.G., and the resolution was reached through the work of competent counsel and a well-respected mediator. Attorneys for A.G. are unaware of any person in a position to object to the proposed resolution, which is in the best interest of the minor. All legal matters filed on behalf of the minor as a result of the instant action pertaining to the death of the minor's father have been resolved as to her, the other Plaintiffs and all Defendants.

Local Rule 17-1.3 of the Central District of California Local Rules provides that "insofar as practical, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code §372 and California Rule of Court 3.1384." California Rule of Court 7.955 sets forth multiple factors that the Court may consider in determining reasonable attorney's fees to satisfy an order for the Court to consider allocation of reasonable attorney's fees. Among those factors are the following:

(a)    the nature and length of the professional relationship between the attorney and the representative of the minor;

(b)    the experience, reputation and ability of the attorney or attorneys performing the legal services;

(c)    the time and labor required; and

(d)    the risk of loss borne by the attorney.

Federal courts act in conformity with California Code of Civil Procedure §372 and California Rule of Court 3.1384 with respect to petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person. These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. Petitioner provides and discloses the required information in the accompanying Petition to Approve Compromise of Plaintiff A.G.'s Claim along with the declaration of counsel.

4

1  | Dated: November 20, 2024        **THE LAW OFFICES OF CHRISTIAN CONTRERAS**

2  |                                       **A Professional Law Corporation**

3

4  | By:
               Christian Contreras, Esq.

5  |                Attorneys for Plaintiffs,

6  |                ESTATE OF ROSENDO OLIVIO, *et al.*

Dated: November 20, 2024        **GASTÉLUM LAW, APC**

By:                
Denisse O. Gastélum, Esq.
Attorneys for Plaintiffs,
ESTATE OF ROSENDO OLIVIO, *et al.*

**PETITION TO COMPROMISE A CLAIM OF A MINOR**

**PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION
OF MARIA ALEJANDRA CEJA AND CHRISTIAN CONTRERAS IN SUPPORT THEREOF;
[PROPOSED] ORDER**

1    **COMES NOW PETITIONER MARIA ALEJANDRA CEJA** as Guardian

2    Ad Litem for minor A.G. and hereby submits the following Petition for Compromise

3    of a disputed minor's claim on behalf of the minor A.G.

4                                                    **I.**

5                                            **INTRODUCTION**

6         Plaintiff A.G. brought a lawsuit alleging that Los Angeles Police Department

7    Officers Faviola Salinas and Kyle Locke wrongfully and unjustifiably shot and killed

8    her father Rosendo Olivio on December 18, 2021. Plaintiff A.G. further alleged that

9    her civil rights were violated as a result of the shooting and that the resulting death of

10   her father interfered with her familial relationship with her father.

11        As a result of the death of the minor's father, Plaintiff A.G. has suffered the

12   loss of love, comfort, care, assistance, protection, affection, society, moral support

13   and guidance for the remainder of her life. Her father's death has been difficult for

14   the minor as she will forever be without her father. Through private mediation, the

15   total settlement amount to be paid to all the plaintiffs is $875,000.00. Counsel for the

16   present minor has discussed with all clients to ensure that all minors in the case, there

17   are four minors total, would net at least $100,000.00 each.

18        After extensive discovery, which included the depositions of the shooting

19   officers Defendants Faviola Salinas and Kyle Locke, a designee of the City of Los

20   Angeles pursuant to Federal Rules of Civil Procedure Rule 30(b)(6) regarding policy

21   and procedure, Pathologist Abubakr Marzouk, M.D., the parties participated in a first

22   mediation session with private mediator Richard Copeland on November 9, 2023, and

23   then in a second mediation on April 19, 2024. With the assistance of Mr. Copeland,

24   the parties arrived at a settlement of the entire case at the April mediation which

25   provided for the resolution of the claims of the present minor, A.G., who is to receive

26   a net settlement proceed amount of $116,749.73.

27

28

**PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION OF MARIA ALEJANDRA CEJA AND CHRISTIAN CONTRERAS IN SUPPORT THEREOF; [PROPOSED] ORDER**

As is documented herein, the proceeds of the settlement will be used to purchase a single premium annuity for the benefit of the minor. Said annuity will be purchased with an A+ Class XV rated insurance company for the benefit of the minor with a payment structure outlined below. The present petitioner seeks this court's approval of the compromise of her claim and presents the information that has bearing on the reasonableness of the compromise.

## II.

## SUBMISSION

Pursuant to Rule 7.950 of the California Rules of court, Petitioner submits the following information in support of the present petition:

**1.      Name, birthdate, age and gender of the minor.**

The present minor A.G., is a female, 17 years of age, having been born on January 7, 2007.

**2.      Nature of Claim**

The claim of the minor is the subject of a pending action that will be compromised without a trial on the merits of the claim as follows: United States District Court, Central District, Case No. 2:23-cv-01516-FMO-E; trial date has been vacated.

**3.      An account of the facts and circumstances from which the claim arose.**

The minor's claim arose from the death of her father, Rosendo Olivio, who was shot and killed by Officers Faviola Salinas and Kyle Locke of the Los Angeles Police Department on December 18, 2021.

The present minor A.G. has suffered the loss of love, care, comfort, society, affection, guidance and support due to the death of her father.

The present minor was not physically injured, nor did she receive any medical attention related to her damages. The minor was not present at the shooting.

**PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION OF MARIA ALEJANDRA CEJA AND CHRISTIAN CONTRERAS IN SUPPORT THEREOF; [PROPOSED] ORDER**

The Defendants in the underlying action were the City of Los Angeles, Officer Faviola Salinas (# 40061) and Officer Kyle Locke (#37794). The settlement of this action encompasses all claims by all Plaintiffs made against all Defendants.

**4.  A description of the nature and extent of injury giving rise to the underlying claim.**

The minor's claim arose from the death of her father, Rosendo Olivio, who was shot and killed by Officers Faviola Salinas and Kyle Locke of the Los Angeles Police Department on December 18, 2021. The present minor A.G. has suffered the loss of love, care, comfort, society, affection, guidance and support due to the death of her father. She will suffer and experience this harm for the rest of her natural life.

**5.  Medical reports containing diagnosis of and prognosis for the injury, and a report of the client's present condition.**

The present minor did not receive any medical care or treatment following the death of her father. The present minor was not present at the incident such that she experienced the shooting.

**6.  Statement of medical charges, amounts paid, and negotiated reductions.**

The minor did not incur any medical expenses as a result of the ramifications of the incident which resulted in the death of her father.

**7.  The amount of attorneys' fees requested and the basis for the fees, with an itemization of the costs sought to be allowed and charged against the settlement.**

Plaintiffs' counsel devoted significant hours in litigating this case. Plaintiffs' counsel conducted an investigation including a scene inspection, Plaintiffs' counsel conducted extensive research and discovery, which included written disclosures and discovery, Plaintiffs' counsel took the depositions of various individuals, including two (2) designees of the City of Los Angeles pursuant to Federal Rules of Civil Procedure Rule 30(b)(6) regarding purported unconstitutional customs and practices,

8

Plaintiffs' counsel took the deposition of pathologist Abubakr Marzouk, M.D and the shooting officers Faviola Salinas and Kyle Locke. In addition to the foregoing, Plaintiffs' counsel consulted several experts and I retained a police practices expert in connection with the expert disclosure. Plaintiffs' counsel also took the depositions of the defense experts as well as defended the deposition of Plaintiff's expert.

Plaintiffs' counsel as well as the other parties to this matter, participated in a first mediation session with private mediator Richard Copeland on November 9, 2023, and then in a second mediation on April 19, 2024. With the invaluable assistance of Mr. Copeland, the parties were able to reach a settlement agreement that was subject to the approval of the City of Los Angeles' Claims Board, Budget & Finance Committee, City Council and Mayor before the settlement could be finalized.

This case concerned significant risk of loss to Plaintiffs' counsel due to the fact that Mr. Olivio was suspected of domestic violence on the day in question and was also armed with a knife while approaching the shooting officers Faviola Salinas and Kyle Locke when he was shot. Mr. Olivio was also under the influence of alcohol and marijuana when he was shot.

This case was defended well by the City Attorney's Office and outside private counsel. If my firm and my co-counsel were not awarded full attorney's fees in such cases, Plaintiffs' counsel would not be able to take them. In turn, minor plaintiffs would not be able to attract competent counsel who could achieve similar results. Plaintiffs' counsel Christian Contreras last approved hourly rate was $650 per hour in May of 2024. Plaintiffs' counsel Dennise Gastélum's last approved hourly rate was $850 per hour in May of 2024. Despite this case being vigorously defended by defense counsel and the negative evidence in this case, Plaintiffs' counsel were able to secure a $875,000.00 settlement.

Therefore, as evidenced by the above information, Plaintiffs' counsel worked diligently on this matter to ensure a favorable outcome for the Plaintiffs. Further, the

PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION OF MARIA ALEJANDRA CEJA AND CHRISTIAN CONTRERAS IN SUPPORT THEREOF; [PROPOSED] ORDER

attorneys entered into a fee split agreement, agreeing to divide the fees on a 50-50 basis. Counsel respectfully requests 40% of attorney fees be granted from the total recovery to ensure that each attorney is fairly compensated for their services. At present each attorney is to receive $175,000.00 of the total settlement amount.

Accordingly, the minor will be charged a reasonable attorney fee in the amount of $80,500.00. As indicated in the Declaration of Christian Contreras, filed concurrently herewith, these fees are reasonable and justified given the litigation conducted to reach the settlement.

The litigation costs will be paid out of the settlement proceeds of all Plaintiffs. The total litigation costs amounted to $17,392.50 which consisted of filing fees, expert fees/costs, deposition costs, mediation fees and other incidental litigation costs reasonably incurred in preparation for trial. These costs will be shared on a pro-rata basis between Plaintiff A.G. and Plaintiffs R.O., R.O., JR., C.O., and Maria Rodriguez. As such, Plaintiff A.G. incurred costs in the amount of $4,000.27. *See* Exhibit A.

The minor will be charged a combination of reasonable attorney fees and costs in the amount of $84,500.27. Deducting these attorney fees and costs, the minor A.G. will receive net settlement proceeds in the amount of $116,749.73.

Upon approval by the Court of the allocation of these net settlement proceeds of $116,749.73. Petitioner requests the court's permission to purchase an annuity, in which MetLife Assignment Company, Inc. will provide periodic payment to be made by Metropolitan Tower Life Insurance Company, rated A+ XV by A.M. Best. The payment structure for the annuity is outlined below and on Exhibit B to this petition.

///

///

///

///

PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION OF MARIA ALEJANDRA CEJA AND CHRISTIAN CONTRERAS IN SUPPORT THEREOF; [PROPOSED] ORDER

**8.    The gross and net amounts of the settlement.**

Gross:                        $201,250.00

Attorney fees and costs:    $ 84,500.27

Net:                         $ 116,749.73

Petitioner seeks this court's approval to use said funds to purchase a single premium annuity for the benefit of the minor in which MetLife Assignment Company, Inc. will provide periodic payment to be made by Metropolitan Tower Life Insurance Company, rated A+ XV by A.M. Best.

**9.    A description of the manner in which the settlement proceeds will be distributed.**

The settlement proceeds will used to purchase a single premium annuity for the benefit of the minor from MetLife Assignment Company, Inc., who will provide for the following periodic payments to be made by Metropolitan Tower Life insurance Company, an A+ Class XV by A.M. Best Company with the following payment structure:

Disbursement payment drafts will be made payable and will begin being issued directly to A.G., upon reaching the age of maturity according to the payment schedule set forth below.

<u>**Periodic payments payable to A.G.:**</u>

$1,047.82, Payable Monthly, Guaranteed for 12 years,

Commencing on 01/07/2025, with the last guaranteed payment on 12/07/2036.

Confirmation of the proposed annuity structure and rating of MetLife Assignment Company, Inc. is attached as Exhibit B herewith.

**10.   A full disclosure of all amounts, if any, paid or to be paid to other claimants.**

By way of settlement of this action, Defendants City of Los Angeles, Officer Faviola Salinas (#40061) and Officer Kyle Locke (#37794) offer to pay a global

11

PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION OF MARIA ALEJANDRA CEJA AND CHRISTIAN CONTRERAS IN SUPPORT THEREOF; [PROPOSED] ORDER

amount of $875,000.00, which will be allocated as follows: the sum of $201,250.00 the present minor plaintiff A.G.; the sum of $201,250.00 to minor Plaintiff R.O.; the sum of $201,250.00 to minor Plaintiff R.O. JR.; the sum of $201,250.00 to minor Plaintiff C.O., and the sum of $70,000.00 to Plaintiff Maria Rodriguez in consideration of a full and final release of all claims.

The litigation costs will be paid out of the settlement proceeds of all Plaintiffs. The total litigation costs amounted to $17.392.50 which consisted of filing fees, expert fees/costs, deposition costs, mediation fees and other incidental litigation costs reasonably incurred in preparation for trial. These costs will be shared on a pro-rata basis between Plaintiff A.G and Plaintiffs R.O. JR., R.O., C.O., and Maria Rodriguez. As such, Plaintiff A.G., incurred costs in the amount of $4,00.27 *See* Exhibit A.

The law firms of Gastélum Law, APC and The Law Offices of Christian Contreras, Professional Law Corporation, will receive attorney fees in the following amounts upon approval of the petition to compromise the minor's claim in addition to the requested fees and costs contained in this petition:

Minor Plaintiff, R.O., Jr -- fees and costs in the amount of $84,500.27

Minor Plaintiff, R.O. -- fees and costs in the amount of $84,500.27

Minor Plaintiff, A.G. -- fees and costs in the amount of $84,500.27

Minor Plaintiff, C.O. -- fees and costs in the amount of $84,500.27

Maria Rodriguez – fees and costs in the amount of $29,391.40

**11.   Statement as to whether the petitioner is a plaintiff in the same action with the minor, and if so, whether the pendency or disposition of the petitioner's claim on his or her own behalf has in any way affected the proposed compromise of the claim.**

The Petitioner MARIA ALEJANDRA CEJA is not a Plaintiff in the same action as the minor.

**PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION OF MARIA ALEJANDRA CEJA AND CHRISTIAN CONTRERAS IN SUPPORT THEREOF; [PROPOSED] ORDER**

**12.    Statement of whether the petitioner is a claimant against the recovery of
the minor, and if so, whether the pendency or disposition of petitioner's
claim on his or her own behalf has in any way affected the proposed
compromise of the claim.**

Petitioner is not a claimant against the recovery of the minor.

**13.    Name and address of proposed depository, if settlement proceeds are to be
deposited in an account subject to withdrawal only by order of court.**

The settlement proceeds will be used to purchase a single premium annuity for
the benefit of the minor from MetLife Assignment Company, Inc., who will provide
for periodic payments to be made by Metropolitan Tower Life insurance Company,
an A+ Class XV by A.M. Best Company and will not be deposited into a depository.

**14.    Statement as to whether notice of the action or claim has been given under
Welfare and Institutions Code Section 14124.73.**

Notice of the settlement was not given pursuant to Welfare and Institutions
Code section 14123.73 as no medical expenses were paid out.

**15.    Statement re Special Needs Trust and satisfaction of liens under Probate
Code section 3604.**

The petition does not request an order for payment of money to a special needs
trust.

**16.    Disclosure of attorney's interest in the present compromise.**

The law firms of Gastélum Law, APC and The Law Offices of Christian
Contreras, Professional Law Corporation, represents the minor A.G., in the
underlying action and in the present petition. The following information is provided
as required by Rule 7.951 of the California Rules of Court:

(a)    Name, Firm, Address and Bar Numbers of Attorneys:

**Denisse O. Gastélum, Esq. (SBN 282771)**

GASTÉLUM LAW

13

1    A PROFESSIONAL CORPORATION

2    3767 Worsham Ave. Long Beach, California 90808

3    **Christian Contreras, Esq. (SBN 330269)**

4    THE LAW OFFICES OF CHRISTIAN CONTRERAS

5    PROFESSIONAL LAW CORPORATION

6    360 E. 2nd St., 8th Floor, Los Angeles, California 90012

7    The present attorneys did not become involved with the petition, directly or

8    indirectly, at the instance of any party against whom the claim is asserted or

9    of any party's insurance carrier.

10   (b)   The present attorneys also represent Plaintiffs, R.O., R.O. JR., C.O. and

11   Maria Rodriguez in the present matter.

12   (c)   The firms of Gastélum Law, APC and The Law Offices of Christian

13   Contreras, Professional Law Corporation, shall receive a combination of

14   attorney fees and costs in the amount of $84,500.27, in resolving the claim

15   for Plaintiff A.G.

16   (d)   Source of other fees, if none are to be collected in the action: In resolving the

17   claim for Plaintiff A.G., the firms of Gastélum Law, APC and The Law

18   Offices of Christian Contreras, Professional Law Corporation shall receive a

19   combination of attorney fees and costs in the amount of $84,500.27 from the

20   minor and a total amount of $367,392.48 from the four other plaintiffs in

21   combination.

22   (e)   The terms of the agreement between Petitioner MARIA ALEJANDRA CEJA

23   and the attorney: In resolving the claim for Plaintiff A.G., the firms of

24   Gastélum Law, APC and The Law Offices of Christian Contreras,

25   Professional Law Corporation shall be owed a combination of attorney fees

26   and costs in the amount of $84,500.27. Plaintiff A.G. shall receive a net

27   settlement proceed of $116,749.73.

28

14

PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION
OF MARIA ALEJANDRA CEJA AND CHRISTIAN CONTRERAS IN SUPPORT THEREOF;
[PROPOSED] ORDER

## III.

## PRAYER

Petitioner MARIA ALEJANDRA CEJA, the minor's mother and appointed Guardian Ad Litem has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident or accident in which the claimant was injured; the responsibility for the incident or accident; and the nature, extent, and seriousness of the claimant's injuries. Petitioner fully understands that if the compromise herein proposed is approved by the court and is consummated, said minor will be forever barred and prevented from seeking any further recovery of compensation even though said minor's damages might in the future prove to be more serious than they are now thought to be.

Petitioner MARIA ALEJANDRA CEJA recommends to the court that the compromise settlement and the proposed disposition of the proceeds of the settlement for the claimant as being fair, reasonable, and in the best interest of the present minor, her daughter, A.G., and requests that the court approve this compromise settlement or proposed disposition and make such other and further orders as may be just and reasonable. *See*, Declaration of MARIA ALEJANDRA CEJA.

Dated: November 20, 2024     **THE LAW OFFICES OF CHRISTIAN CONTRERAS**
**A Professional Law Corporation**

By: _____
Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF ROSENDO OLIVIO, *et al.*

///
///
///
///

PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION OF MARIA ALEJANDRA CEJA AND CHRISTIAN CONTRERAS IN SUPPORT THEREOF; [PROPOSED] ORDER

Dated: November 20, 2024          **GASTÉLUM LAW, APC**

By: *Denisse O. Gastélum*
Denisse O. Gastélum, Esq.
Attorneys for Plaintiffs,
ESTATE OF ROSENDO OLIVIO, *et al.*

16

EXHIBIT A

**Breakdown**

| | | |
|---|---|---|
| **Settlement Amount** | $ | 875,000.00 |
| | | |
| Attorneys Fees & Costs | | |
| Attorneys Fees @ 40% | $ | 350,000.00 |
| Contreras Costs | $ | 16,186.87 |
| Gastelum Costs | $ | 1,205.63 |
| Total Owed to Attorney | $ | 367,392.50 |
| | | |
| **Net to Clients** | $ | 507,607.50 |

| | | |
|---|---|---|
| **Client Breakdown** | $ 507,607.50 | |
| **Minor Clients (4)** | 23% | |
| Total for Minors | $ 116,749.73 | |

| | | |
|---|---|---|
| **Amount Per Minor** | $ | 201,250.00 |
| Fees per Minor | $ | 80,500.00 |
| Costs Per Minor | $ | 4,000.27 |
| Total Fees & Costs | $ | 84,500.27 |
| **Net** | $ | 116,749.73 |

| | | |
|---|---|---|
| **Decedent's Mother** | 8% | |
| Maria Rodriguez | $ | 40,608.60 |

| | | |
|---|---|---|
| **Amount Per** | $ | 70,000.00 |
| Fees | $ | 28,000.00 |
| Costs | $ | 1,391.40 |
| Total Fees & Costs | $ | 29,391.40 |
| **Net** | $ | 40,608.60 |

# CASTÉLUM LAW, APC

## Estate of Rosendo Olivio, et al. v. City of Los Angeles, et al.

For Office Use Only

### United States District Court - Central District of California Case No. 2:23-cv-01516-FMO (Ex)

| Date | Type | Description | Memo | Debit (-) | Credit (+) | |
|------|------|-------------|------|-----------|------------|---|
| 1/21/2022 | Credit Card | Los Angeles Medical Examiner-Coroner - Coroner's Report | Order # 85846 | $59.00 | | |
| 1/24/2022 | Cash | USPS Postage re PRA/Preservation Letter | Receipt # 840-59260048-3-5654713-2 | $0.98 | | |
| 4/7/2023 | Credit Card | PACER Search | 19 Pages | $1.90 | | |
| 7/31/2024 | Check | Mediationi Fee w/ Richard Copeland - Split w/ CC's Office | Check No. 1005 | $1,143.75 | | |
| | | | | | | |
| | | | | | | |
| Total | | | | $1,205.63 | $0.00 | |

| | |
|---|---|
| Subtotal | $1,205.63 |
| Advances | $0.00 |
| Total | 1,205.63 |



# Law Offices of Christian Contreras, PLC

360 E. 2nd. St., 8th Floor
Los Angeles, CA 90012
Phone: (323) 435-8000
Email: cc@Contreras-Law.com
www.Contreras-Law.com

# INVOICE

Invoice # 173
Date: 11/19/2024
Due Upon Receipt

Maria Alejandra Ceja

## 00159-Maria.Ceja

## Estate of Rosendo Olivio, et al. v. City of Los Angeles, et al. (2:23-cv-01516-FMO-E)

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Expense | 12/28/2022 | Reimbursable expenses: Complaint filing fee. | 1.00 | $461.17 | $461.17 |
| Expense | 12/29/2022 | Reimbursable expenses: Civil case cover sheet filing fee. | 1.00 | $13.12 | $13.12 |
| Expense | 01/03/2023 | Reimbursable expenses: E-filing guardian ad litem petition. | 1.00 | $13.12 | $13.12 |
| Expense | 01/03/2023 | Reimbursable expenses: E filing Guardian Ad Litem | 1.00 | $13.12 | $13.12 |
| Expense | 01/11/2023 | Reimbursable expenses: E filing Guardian Ad Litem | 1.00 | $13.12 | $13.12 |
| Expense | 01/24/2023 | Reimbursable expenses: Summons filing fee. | 1.00 | $13.12 | $13.12 |
| Expense | 08/28/2023 | Reimbursable expenses: Copy of Deposition Transcript for Maria Alejandra Ceja & Maricela Galindo | 1.00 | $982.50 | $982.50 |
| Expense | 11/06/2023 | Reimbursable expenses: Deposition of Abubakr Marzouk MD Invoice #: 763240 | 1.00 | $842.65 | $842.65 |
| Expense | 11/17/2023 | Reimbursable expenses: Retainer fee for Roger Clark. Check No. 1040. | 1.00 | $4,000.00 | $4,000.00 |

| | | | | | |
|---|---|---|---|---|---|
| Expense | 11/17/2023 | Reimbursable expenses: Overnight mail to send file to Roger Clark. | 1.00 | $65.00 | $65.00 |
| Expense | 11/20/2023 | Reimbursable expenses: Deposition of Officer Kyle Locke<br>Invoice #:778858 | 1.00 | $779.20 | $779.20 |
| Expense | 11/20/2023 | Reimbursable expenses: Deposition of Faviola Salinas<br>Invoice#: 778856 | 1.00 | $1,206.40 | $1,206.40 |
| Expense | 12/08/2023 | Reimbursable expenses: Overnight mail to Dr. Chapman | 1.00 | $45.00 | $45.00 |
| Expense | 12/11/2023 | Reimbursable expenses: Expert Review | 1.00 | $750.00 | $750.00 |
| Expense | 12/21/2023 | Reimbursable expenses: Deposition of Detective Elizabeth Reyes 30(b)(6)<br>Invoice# 812887 | 1.00 | $611.25 | $611.25 |
| Expense | 12/21/2023 | Reimbursable expenses: Deposition of Sergeant. Joe Reyna 30 (6)(b)<br>Invoice #:812844 | 1.00 | $952.90 | $952.90 |
| Expense | 02/19/2024 | Reimbursable expenses: Ronsin Order<br>LAFD Records | 1.00 | $67.05 | $67.05 |
| Expense | 02/22/2024 | Reimbursable expenses: Deposition of Edward Flosi<br>Invoice #: 880544 | 1.00 | $1,006.00 | $1,006.00 |
| Expense | 03/18/2024 | Reimbursable expenses: Deposition Fee for Ed Flosi<br>Invoice #:1063<br>Justitia Consulting Inc. | 1.00 | $450.00 | $450.00 |
| Expense | 03/27/2024 | Reimbursable expenses: Deposition of Rocky Edwards<br>invoice #: 926263 | 1.00 | $629.70 | $629.70 |
| Expense | 03/27/2024 | Reimbursable expenses: Deposition of Heather Heider<br>Invoice #: 926258 | 1.00 | $978.70 | $978.70 |
| Expense | 04/19/2024 | Reimbursable expenses: Rock Forensics<br>Deposition of H. Heider & R. Edwards<br>Invoice #: 2023-00030OI.D | 1.00 | $1,150.00 | $1,150.00 |
| Expense | 07/31/2024 | Reimbursable expenses: 1/2 of Mediation Fee. | 1.00 | $1,143.75 | $1,143.75 |

**Total**   **$16,186.87**

# Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 173 | 11/19/2024 | $16,186.87 | $0.00 | $16,186.87 |
| | | | Outstanding Balance | $16,186.87 |
| | | | Total Amount Outstanding | $16,186.87 |

EXHIBIT B

## Minor's Compromise Attachment for A█████ G███

The expected net of **$116,749.73** is to be used, with the court's permission, to purchase an annuity, in which **MetLife Assignment Company, Inc.** (hereinafter "ASSIGNEE") will provide for the following Periodic Payments to be made by **Metropolitan Tower Life Insurance Company** (hereinafter "ANNUITY ISSUER"), rated A+ XV by A.M. Best.  The details of the periodic payments will be set forth below.  All sums set forth herein constitute damages on account of personal injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

### TO PAYEE: A███████████ G████

$1,047.82  payable monthly, guaranteed for 12 years, beginning on 01/07/2025, with the last guaranteed payment on 12/07/2036.

The above Periodic Payments are based on current annuity rates **and** are subject to change. The actual structured settlement payment will be determined based on annuity rates in effect at the time the annuity is purchased that shall be <u>accurately recorded</u> in the qualified assignment document (which it is) and annuity contract (which it will be) without the need to obtain an amended order. Additionally, in the event the expected net allocated has increased or decreased by the date of the purchase, the amount of the benefit payable will be adjusted upward or downward. Said funds will be used to the purchase the annuity without the need of obtaining an amended Order.  Any changes to the premium and periodic payments shall be <u>accurately recorded</u> in the Settlement Agreement and Release, Qualified Assignment document and Annuity contract.

---

FUNDING INSTRUCTIONS:

Premium:              **$116,749.73**

Check payable to:      MetLife Assignment Company, Inc.

Tax I.D.              38-4035918

---

Plaintiff acknowledges and agrees that the Defendant and/or the Insurer may make a "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the periodic payments required herein.  Any such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendant and the Insurer from such obligations hereunder as are assigned to the ASSIGNEE.  The Plaintiff recognizes that, in the event of such an assignment, the ASSIGNEE shall be their sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.

If the liability to make the periodic payments is assigned by way of a "qualified assignment:"

A)  Periodic payments from the ASSIGNEE cannot be accelerated, deferred, increased or decreased by the Plaintiff;

B)  The ASSIGNEE does not provide to the Plaintiff rights against the ASSIGNEE that are greater than those of a general creditor; and

C)  The ASSIGNEE's obligation for payment of the periodic payments is no greater than the obligation of the person originally liable (whether by suit or agreement) for payment and from whom the obligation was assigned.

The sole obligor of the Periodic Payments, whether it is the Defendant, the Insurer, and/or the ASSIGNEE, reserves the right to fund the liability to make the Periodic Payments by purchasing an annuity through the ANNUITY ISSUER. The Defendant, the Insurer, or in the event of an assignment the ASSIGNEE, shall be the sole owner of the annuity and have all rights in it. Said owner of the annuity may have the ANNUITY ISSUER, mail payments directly to the Plaintiff. Plaintiff shall be responsible for maintaining a current mailing address for Payee with the ANNUITY ISSUER.

The obligation of the Defendant, the Insurer, or in the event of an assignment, the obligation of its ASSIGNEE, to make each Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of the Payee.

All parties shall cooperate fully and execute any and all documents which may be necessary to complete the requirements for the Structured Settlement.

- If the defendant or insurer exercises the right to assign the periodic payments to the assignee, then said party shall sign ASSIGNEE'S assignment document as the assignor.

- If the defendant or insurer does not exercise the right to assign the periodic payments to the assignee, then said party shall sign the application for the annuity as the owner.

---

**Beneficiary designation**:  Before the minor reaches the age of 18

☐ Court approval is required for any change to the beneficiary designation until the minor reaches the age of 18. *(Default option unless name is completed in option below.)*

**–= OR =–**

☐ The following person is authorized by the Court to exercise death beneficiary designation rights on behalf of the minor prior to age majority:

_____

---

The initial beneficiary designation is:

☐ The Estate of A███████ G████

**=OR=**

☐ Primary    _____ %    _____

☐ Primary    _____ %    _____

☐ Secondary    _____ %    _____

☐ Secondary    _____ %    _____

*(Important: The Estate will be the Default if NO Designation is made above)*

---

OBJECTIVE SETTLEMENT ADVISORS



## Proposal for A███████ G█████ - FINAL

| BENEFIT | COST | GUARANTEED YIELD |
|---|---|---|
| **A███████ G█████** Female, Date of Birth: ███/07 | | |
| **Monthly Income** $1,047.82 per month guaranteed 12 years starting at Age 18 on 1/7/2025. | $116,749.73 | $150,886.08 |
| **TOTALS** | $116,749.73 | $150,886.08 |

# Metropolitan Tower Life Insurance Company

AMB #: 009165     NAIC #: 97136     FEIN #: 133114906

**Mailing Address**
18210 Crane Nest Dr. 3rd Floor
Tampa, Florida 33647
United States

**Web:** www.metlife.com
**Phone:** 212-578-2211
**Fax:** 813-983-4404
View Additional Address Information

**AM Best Rating Unit:** AMB #: 069609 - Metropolitan Life Insurance Group
Assigned to insurance companies that have, in our opinion, a superior ability to meet their ongoing insurance obligations.



Based on AM Best's analysis, 058175 - MetLife, Inc. is the **AMB Ultimate Parent** and identifies the topmost entity of the corporate structure. View a list of operating insurance entities in this structure.

## Best's Credit Ratings

**Financial Strength Rating** View Definition

| | |
|---|---|
| **Rating:** | A+ (Superior) |
| **Affiliation Code:** | g (Group) |
| **Financial Size Category:** | XV ($2 Billion or greater) |
| **Outlook:** | Stable |
| **Action:** | Affirmed |
| **Effective Date:** | February 8, 2024 |
| **Initial Rating Date:** | June 30, 1983 |

**Long-Term Issuer Credit Rating** View Definition

| | |
|---|---|
| **Long-Term:** | aa- (Superior) |
| **Outlook:** | Stable |
| **Action:** | Affirmed |
| **Effective Date:** | February 8, 2024 |
| **Initial Rating Date:** | July 01, 2005 |